Pfeifer, J.,
dissenting.
{¶ 31} In State v. Cowan, 103 Ohio St.3d 144, 2004-Ohio-4777, 814 N.E.2d 846, at syllabus, we stated that R.C. 955.22, the statute addressing “vicious” dogs, “violates the constitutional right to procedural due process insofar as it fails to provide dog owners a meaningful opportunity to be heard on the issue of whether a dog is ‘vicious.’ ” This conclusion answers the issue before us. Traylor was charged with not restraining a “vicious” dog, but he had no notice that his dog was “vicious.” In Cowan, the dog owner was aware that her dogs had been labeled vicious; she had merely not been given an opportunity to challenge that determination. Id. at ¶ 15. This case is even more egregious because Traylor not only doesn’t have an opportunity to challenge the “vicious” label, he had no way to know that his dog is “vicious.”
{¶ 32} The outcome of this case is morally repugnant. The owner of a dog is being sent to jail for 90 days based on his failure to do something he could not know he was supposed to do. “Vicious” dogs must be restrained. Youngstown Codified Ordinances (“YCO”) 505.19. But Traylor’s dog was not “vicious” until the moment it bit a human, at which point it was too late for Traylor to restrain his dog. YCO 505.19 imposes obligations on dog owners that they do not know they need to comply with until they have no opportunity to comply. The most troubling part of this case isn’t that a municipality would pass such an ordinance; it’s that this court is sanctioning it. See State v. Price, 118 Ohio St.3d 144, 2008-Ohio-1974, 886 N.E.2d 852, at ¶ 38 (“[defendant] is owed what every criminal defendant is owed: notice that his conduct is illegal”).
{¶ 33} This court is turning a blind eye to basic tenets of fundamental fairness. See R.C. 2901.21(A)(1) (a “person’s [criminal] liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the *139 person is capable of performing”). Traylor was not capable of restraining his “vicious” dog until he knew it was vicious. Allowing Youngstown to impose criminal liability based on a contemporaneous labeling of a dog as “vicious” is not different from imposing criminal liability on an “accident-prone” driver and defining “accident-prone” as anyone who gets in a car accident. It just doesn’t make sense. And it’s unconstitutional. See Papachristou v. Jacksonville (1972), 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110, quoting United States v. Harriss (1954), 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (an ordinance violates due process when it “ ‘fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute’ ”).
{¶ 34} Furthermore, Youngstown should not be able to define what constitutes a “vicious” dog, because the General Assembly has already done so. R.C. 955.11(A)(4)(a). The parties did not address this issue, and the record is not fully developed, so it is difficult to determine whether YCO 505.19 would survive a home-rule analysis. See Ohioans for Concealed Carry, Inc. v. Clyde, 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967, ¶ 24. Based on what the record does reveal, it seems likely that YCO 505.19 would not survive. YCO 505.19 is an exercise of local self-government. Id. at ¶ 23. But R.C. Chapter 955 appears to be a general law, and R.C. 955.11(A)(4)(a) and YCO 505.19(c)(2) are clearly in conflict. See Clyde at ¶ 25. Pursuant to this, admittedly cursory, analysis, R.C. 955.11(A)(4)(a) would prevail over YCO 505.19(c)(2).
{¶ 35} This court did not engage in a home-rule analysis, in large part because the parties did not argue the issue. By avoiding that issue, however, this court is sanctioning the imposition of criminal liability for something that the General Assembly has determined is not a crime. According to R.C. 955.22, the owner of a dog cannot be criminally liable for acts of that dog unless the dog has already been determined to be “vicious.” Unlike YCO 505.19, R.C. 955.22 and related statutes do not allow a dog to be labeled vicious and its owner to be criminally liable based on the same act.
{¶ 36} YCO 505.19 violates the Constitution by not providing fundamental due process protections. I would affirm the judgment of the court of appeals. I dissent.
Lanzinger, J., concurs in the foregoing opinion.